UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY A. I.,

          Plaintiff,               Case No. 2:20-cv-11812
                                      Chief Judge Sean F. Cox
v.                                 Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

## REPORT AND RECOMMENDATION TO DEEM MOOT PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES (ECF No. 20) and GRANT PLAINTIFF'S COUNSEL'S AMENDED MOTION FOR ATTORNEY FEES (ECF No. 22)

**I.**    **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court enter an order **DEEMING MOOT** Plaintiff's

counsel's August 7, 2023 motion for attorney fees (ECF No. 20) and **GRANTING**

Plaintiff's counsel's August 18, 2023 amended motion for attorney fees (ECF No.

22) pursuant to 42 U.S.C. § 406(b) in the amount of $12,414.77.

**II.**    **REPORT**

    **A.**    **Procedural Background**

        On July 2, 2020, Tammy I., commenced this action, via counsel, in this

Court to appeal a final administrative decision denying her claims for disability

insurance (DI) and supplemental security income (SSI) benefits.  (ECF No 1.)  On

September 9, 2021, the Court entered judgment in favor of Plaintiff, reversing the

Commissioner's decision and remanding the matter to the Social Security

Administration (SSA) for further administrative proceedings – as set forth in my

report and recommendation issued on August 13, 2021 (ECF No. 16) and in the

Court's order adopting it (ECF No. 17) – pursuant to sentence four of 42 U.S.C. §

405(g).  (ECF No. 18.)  On October 22, 2021, the Court entered a stipulated order

for an award of attorney fees in the amount of $6,142.50 under the Equal Access to

Justice Act, 28 U.S.C. § 2412 ("EAJA").  (*See* ECF No. 19.)

On February 22, 2022, the Commissioner found Plaintiff had been disabled

since September 29, 2017.  (ECF No. 22-2, PageID.829.)  According to Plaintiff's

counsel, a "Notice of Award" letter was never issued.  (ECF No. 22, PageID.810-

811.)  Instead, on April 2, 2022, the SSA issued a "Notice of Change in Benefits,"

which informed Plaintiff that she would receive $1,029.00 per month and further

stated:

> We are withholding your Social Security benefits for October 2017
> through February 2022.  We may have to reduce these benefits if you
> received [SSI] for this period.  When we decide whether or not we
> will have to reduce your Social Security benefits, we will send you
> *another letter*.  We will pay you any Social Security benefits you are
> due for this period.

(ECF No. 22-3 (emphasis added).)  In Plaintiff's counsel's words, "[t]his letter . . .

did not provide an amount owed for past-due benefits," (ECF No. 22, PageID.811),

although the letter did state the SSA "withheld $12,414.77 from [Plaintiff's] past-due benefits to pay the representative[,]" (ECF No. 22-3, PageID.837).

On July 18, 2022, Plaintiff's counsel wrote to the SSA's Farmington Hills Field Office, stating, *inter alia*, that she "has not yet, to date, received an award letter regarding the claimant's past due benefit amount." (ECF No. 22-7.) Allegedly, in an August 4, 2023 email from agency counsel, Attorney Jason Scoggins confirmed that "there were no Title XVI [*i.e.*, SSI] past-due benefits for fee purposes." (ECF No. 22, PageID.811.)

## B.   The Instant Motion

Plaintiff's counsel agrees with Attorney Scoggins's assessment. (ECF No. 22, PageID.811.) Therefore, Plaintiff's counsel filed an August 7, 2023 motion for attorney fees (ECF No. 20), which was superseded by an August 18, 2023 amended motion for attorney fees (ECF No. 22). Plaintiff's counsel "requests an attorney fee award of $12,414.77." (*Id*., PageID.815.)

The Commissioner has filed a response (ECF No. 24),[1] and Chief Judge Cox has referred these motions to me for entry of a report and recommendation. (ECF Nos. 21, 25, 26.)

---

[1] *Inter alia*, the Commissioner points out that, "[a]lthough the motion for fees is flied under Plaintiff's name, her counsel, Erika Riggs, is the real party-in-interest[.]" (*Id*., PageID.850.) Therefore, this report refers to the instant motions as filed by Petitioner or Plaintiff's counsel, not by Plaintiff.

### C.     Discussion

Plaintiff's counsel seeks an award of $12,414.77 under 42 U.S.C. § 406(b) (ECF No. 22-5) and in accordance with the contingency fee agreement into which Plaintiff and Petitioner entered on June 26, 2020 (ECF No. 22-4).  (ECF No. 22, PageID.812-815.)  The Commissioner responds that she "neither supports nor opposes counsel's request for attorney's fees in the amount of $12,414.77, under 42 U.S.C. § 406(b)[,]" deferring to the Court's assessment of the reasonableness of the attorney fee request, but that Plaintiff's attorney "must refund the smaller fee awarded to the claimant."  (ECF No. 24, PageID.851, 854.)

While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Indeed, as the Sixth Circuit has noted, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  "The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)).  "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14 -01000, 2016 U.S. Dist. LEXIS 167120, at *8 (W.D. Mich. Dec. 5, 2016).  The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010), and the benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey.  *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501–02 (6th Cir. 2006).  "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

When analyzing large hourly fees, the Sixth Circuit has held that a 25% fee award is presumed reasonable.  *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  The court in *Rodriquez* observed two exceptions to that presumption: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an

inordinately large benefit award or from minimal effort expended." *Id.* The Court

finds that neither of the two exceptions apply in this case, and thus, Petitioner's

request is presumptively reasonable. Here, the Social Security Administration has

withheld $12,414.77 from Plaintiff's "past-due benefits" to pay Plaintiff's

representative. (ECF No. 22-3, PageID.837.)

The Court has reviewed Petitioner's bill of costs in detail, which provides

an itemization of 35.50 hours worked at a hypothetical hourly rate of $349.71.

(ECF No. 22-5.) The court in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990)

provides a guideline for reasonable hourly rates:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a
> case where a contingent fee contract exists, the hypothetical hourly rate
> determined by dividing the number of hours worked for the claimant into the
> amount of the fee permitted under the contract is less than twice the standard
> rate for such work in the relevant market.

*Id*. at 422. The court believed that using a multiplier of two was appropriate as a

floor "in light of indications that social security attorneys are successful in

approximately 50% of the cases they file in the courts. Without a multiplier, a

strict hourly rate limitation would insure that social security attorneys would not,

averaged over many cases, be compensated adequately." *Id.*

There is no evidence that Petitioner acted improperly, ineffectively or put in

merely a minimal effort, and the Court finds that the award would not result in a

windfall to Petitioner. A $349.71 hourly rate falls within the parameters set by the

Sixth Circuit.  *See id.*  Attorney Riggs is a Partner at her firm, Disability Law

Group, and has approximately twelve years of experience as an attorney.[2]  Here,

half of Petitioner's hypothetical hourly rate equals $174.86, placing her below the

$305 median rate for attorneys with similar years of experience.[3]

Furthermore, other courts in this District have approved similar and higher

rates.  *See Beckrow v. Comm'r of Soc. Sec.*, No. 19-12834, 2022 WL 1050387, at

*2 (E.D. Mich. Mar. 18, 2022) (Stafford, M.J.) ("A review of cases from this

district reveals that an hourly rate of $250 to $500 is standard and doubling and

tripling that rate has been deemed appropriate for fees in disability benefits cases

under *Hayes* and its progeny."), *report and recommendation adopted*, No. 2:19-

CV-12834, 2022 WL 1050694 (E.D. Mich. Apr. 7, 2022) (Murphy, J.); *Hardy v.*

*Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020)

(Goldsmith, J.) ("The Court finds that an award of $23,175 is reasonable, which

equates to an effective hourly rate of $750.") (external citation omitted).  In

addition to my findings regarding the reasonableness of the hourly rate, I have

carefully reviewed the itemized entries for the work done – the largest components

---

[2] *See* https://disabilitylawgroup.com/attorneys/;
https://sbm.reliaguide.com/lawyer/48093-MI-Erika-Riggs-38575 (admitted Nov. 7,
2011).

[3] *See* State Bar of Michigan:  2023 Economics of Law Report, "2023 Attorney
Hourly Billing Rates by Years in  Practice."  *See*
https://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf.

of which occurred in November 2020, with 7 hours to review the case record, 2

hours to review case law, and 7.75 hours associated with the motion for summary

judgment (*see* ECF No. 22-5)[4] – and further find that the hours charged are

reasonable.  Thus, the Court should find that an award of attorney fees in the

amount of $12,414.77 is reasonable.

And as counsel has acknowledged, upon receipt of attorney fees under 42

U.S.C. § 406(b), she must refund to Tammy A. I. the $6,142.50 she received under

the EAJA.  (ECF No. 22, PageID.814-815); *see also Astrue v. Ratliff*, 560 U.S.

586, 595 (2010) ("Section 206(b) provides that no violation of law occurs 'if,

where the claimant's attorney receives fees for the same work under both [42

U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the

claimant the amount of the smaller fee.'").

Finally, Plaintiff's counsel has certified that the copy of her motion sent to

the Plaintiff "includes a statement of notice . . . [,]" (ECF No. 22-1, PageID.816),

---

[4] Plaintiff's counsel reports that "she navigated the highly specialized disability landscape from the administrative level to the Appeals Council, then to Federal Court and back to the administrative level securing Disability Insurance Benefits for the Plaintiff."  (ECF No. 22, PageID.814.)  Notwithstanding the fact that Attorney Riggs represented Plaintiff as early as November 2017 (ECF No. 11, PageID.124-127) and prepared the August 2019 Appeals Council Request for Review (ECF No. 11, PageID.212-215), Plaintiff's counsel's time sheet represents "hours spent on federal court case," (ECF No. 22-1), beginning with a May 28, 2020 entry for reviewing the ALJ's decision and medical evidence for the filing in this Court.  (ECF No. 22-5.)

*i.e.*, a notice advising Plaintiff that if she objected to the fee, considered it to be

unreasonable, or believed that any statements in the fee application were incorrect,

she should "send a brief statement of [her] concerns to the Judge whose name is on

the motion[.]"  (ECF No. 22-6, PageID.846.)  The Undersigned has not received

any such statement from the Plaintiff.

### D.    Conclusion

For the reasons set forth above, the Court should enter an order **DEEMING**

**MOOT** Petitioner's August 7, 2023 motion for attorney fees (ECF No. 20),

**GRANTING** Petitioner's August 18, 2023 amended motion for attorney fees (ECF

No. 22) pursuant to 42 U.S.C. § 406(b), **AWARDING** counsel a reasonable fee of

**$12,414.77**, and **DIRECTING** the Commissioner of Social Security to disburse

**$12,414.77** from the representative fees withheld from Plaintiff Tammy I.'s past-

due benefits to Petitioner, Erika A. Riggs, upon presentation of the Court's

Opinion and Order.  Upon receipt of this fee, counsel must refund Plaintiff

**$6,142.50**.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 10, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE